RECEIVED OCT 27 2017 U.S.D.C. WP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOSEPH H. MASRI,                           Docket: 17-CV-4094 (CM)

                        Plaintiff,

-against-                                   **AMENDED COMPLAINT**

ERIC OLE THORSEN, THORSEN LAW OFFICES,
ZION SALL & ESTHER R. MASRI,
                                       **TRIAL BY JURY DEMANDED**
                   Defendants.
------------------------------------------------------------------x

Joseph H. Masri, Plaintiff herein, as and for his Amended Complaint in this action does state and declare as follows:

1. Plaintiff JOSEPH H. MASRI ("Plaintiff") is a private citizen above the age of 18 years, and currently resides in Brooklyn, New York.

2. Defendant ERIC OLE THORSEN ("THORSEN") is an individual is a person with an address at 5 South Little Tor Road, New City, NY 10956.

3. Defendant THORSEN LAW OFFICES ("LAW OFFICE") is believed to be a corporate entity, and has an address at 5 South Little Tor Road, New City, NY 10956

4. Defendant ZION SALL is an individual with an address at 8 Lemberg Court, Unit 201, Monroe NY 10950.

5. Defendant ESTHER R. MASRI ("ESTHER MASRI") is an individual with an address at 19 Rovna Court, Unit 304, Monroe NY 10950.

6. The United States District has jurisdiction of this matter pursuant to 42 U.S.C. §1985(3), as well as supplementary jurisdiction pursuant to 28 U.S.C. §1367.

7. On or about the afternoon of May 19, 2016, while located in Monroe, Orange County, at within approximately 150 feet from the shopping center at 51 Forrest Road, at the Keren V'Yoel Moshe Hall, 55 Forrest Road, Defendant Thorsen, acting individually and on behalf of the Defendant Law Firm and on behalf of Defendant Esther Masri, with maliciousness and with vehement animus directed at Plaintiff over his ultra-orthodox religious beliefs and practices, did publicly slander Plaintiff in a manner so as to directly cause severe permanent damage to Plaintiff's good reputation, as well as directly causing severe temporary and permanent emotional harm, trauma, and suffering to Plaintiff.

8. Plaintiff is a member of Ultra-Orthodox Judaism, and particularly a follower of the teachings of the late Rabbi Tzvi Dov Abraham o.b.m.

9. Upon information and belief, Defendant Thorsen and the Defendant Law Firm were paid and/or retained by Defendant Esther Masri to assist her in publicly slandering Plaintiff.

10. That some weeks prior to the aforesaid date, Defendant Thorsen, acting individually and on behalf of Defendant Law Office, while together with Defendant Esther Masri in Goshen, New York, met together with a member of the underworld, an ill reputed Israeli "mafia" thug, named Ahron Goldberg ("Goldberg"), a resident of Israel, who was contracted for a hefty fee to travel from Israel to the United States for the purpose of kidnapping and/or murdering Plaintiff.

11. During the aforesaid meeting Defendant Esther Masri served as a translator between the Israeli underworld thug, Goldberg, and Defendant Eric Thorsen.

12. In addition to seeking to slander the Plaintiff, the defendants initiated a public campaign to raise the outstanding balance of funds needed to pay Goldberg and his accomplices for the kidnapping and/or killing of Plaintiff.

13. Subsequent to the aforesaid date, during the summer of 2016, and after defendants raised the funds for the remaining outstanding balance needed for payment to the aforesaid Goldberg and his accomplices, Goldberg and two of his accomplices were apprehended by federal law enforcement subsequent to their transferring approximately sixty-two thousand dollars in cash to a third-party informant, whom they unwittingly subcontracted to perform the aforesaid crimes against Plaintiff.

14. As part of the illicit fund-raising campaign, as well as for other reasons described herein, Defendant Thorsen, while acting on behalf of the other herein defendants, on May 19, 2016, at the aforesaid time and location, did publicly proclaim to an audience, believed to consist of more than three-hundred persons, the following:

> "Mr. Masri who I think by the way, I don't know if anyone here knows him;
> We're talking about someone who had to pay child support for ten years, who had to pay spousal support for ten years; who for ten years basically has avoided seeing his children, then complains bitterly that he doesn't see his children. He's not a nice man, I would say he is a bad man. He's a bad father; He is a bad Jew frankly, he really is; He is an embarrassment to your community.
> There are limits of what I can do in a Court room.... What I'm here to do is to ask for your help in getting Mrs. Masri free from this man, whether it takes money, whether it takes the community turning its' back on Mr. Masri; whether it takes the community refusing to hire Mr. Masri, deal with Mr. Masri, speak with Mr. Masri, house Mr. Masri; We got to get him to the point where he understands that he is alone in this world and that he has no choice but to act like a human being, act like a good father, act like a devoted Jew.....
> You all have to help me; We not activism on the part of the community to make this issue go away.... Apparently, Mr. Masri is incapable of seeing when enough is enough. I think this is a housekeeping matter for this community. I would urge you to deal with it financially, vocally, take any way you can do -anything you can do. Let Mr. Masri know you're not going to support him unless it is done.
>
> The community must do something to rectify the problem; raising funds for a lawyer, raising for the fight is only one part of the solution. The rest of the part of the solution is community pressure... but its really up to you in terms of how you present, and how you react to the situation, and how much support you have given- and it really is."

15. Defendants spoke intentionally falsely and publicly of Plaintiff, in a malicious manner seeking to damage and injure same; impede Plaintiff's ability to earn a living; and to incite others to physically injure and/or to support such injuring of Plaintiff.

16. In addition to the above public slander campaign to permanently damage Plaintiff's reputation, on or about May 11, 2016, a direct fund-raising campaign filled with libelous per se statements as well as life threatening content directed against Plaintiff was initiated and published on line by defendants herein to raise funds in order to meet the full price of the thugs hired to kidnap and murder Plaintiff.

17. Defendant ZION SALL is a co-conspirator with both Defendant Thorsen and Esther Masri, and with the aforementioned Israel thug group, and assisted in raising funds for the kidnapping and murder of Plaintiff through use of his website identified as ontimedatasolutions.com. Defendant ZION SALL additionally assisted in the publication of the libel and libel per se content by allowing same to be posted on the said website.

18. Defendant ZION SALL acted in the aforesaid maliciously and with intent to damage, injure, and cause the demise of Plaintiff by murder, in conspiracy with the other defendants herein.

19. The aforesaid direct fund-raising campaign remains ongoing and continuous.

20. Incorporated within the the aforesaid libelous document, which was written in the Yiddish language, was a deliberate false inference to dangerously perverted sexual misconduct on the part of plaintiff. The document falsely states that Plaintiff is an illegal car service driver, and then goes on to describe the aforesaid false danger by implying the said obvious inferences as the reason the public should refrain from traveling with him. A copy of the said libelous statement with true full translation in pertinent part is annexed hereto as Schedule A, and incorporated as part of this Amended Complaint.

21. The aforesaid false inferences were intended to damage Plaintiff by misleading the public to believe that Plaintiff is a dangerous sexual predator and that all should keep a far distance from him or suffer extreme negative consequences.

22. In furtherance of the aforesaid direct fund-raising campaign, on or about May 11, 2016, the Defendant Esther Masri initiated and published against Plaintiff a libelous paper leaflet campaign, know within the religious communities of Williamsburg, Brooklyn and Kiryas Joel as a "pashkeville" campaign. Said leaflets, which included the aforesaid document, were thrown on the streets of Kiryas Joel, Monroe and Willaimsburg, Brooklyn, as well as posted on walls within the synagogues there.

23. Upon information and belief, the Defendants Thorsen and Esther Masri in addition to their raising the funds for the kidnapping and murder of Plaintiff through the false negative publicity generated against Plaintiff and his ultra-religious beliefs, and in addition to using their slander and libeling campaigns to damage Plaintiff, as described herein, the defendants herein had hoped that through their repeated false and negative publicity directed at Plaintiff, the members of the Williamsburg, Brooklyn and Kiryas Joel communities would hear their slander and read their libelous "pashkevilles" against Plaintiff and carry the same animosity as the defendants toward Plaintiff for what they consider his extreme ultra-religious beliefs, and subsequently not turn against them after ultimately learning that Plaintiff was kidnapped and murdered on the approval of defendants.

24. That for all purposes herein, the defendants were acting jointly, intentionally and maliciously with intensive animus and discrimination toward Plaintiff, due to their disapproval of him for his religious beliefs.

25. Defendants herein, as a direct result of their intensive hate toward Plaintiff over the practice of his religious beliefs, sought and did conspire with the Israeli thug Goldberg in the hope to have Plaintiff kidnapped and murdered.

26. Additionally, the defendants herein, as a direct result of their intensive hate toward Plaintiff over the practice of his religious beliefs, did intentionally and maliciously directly seek and cause to deprive Plaintiff of his rights guaranteed under the United States and State of New York Constitutions, and did directly cause to impede Plaintiff herein of his ability to obtain appropriate employment, legal counsel, as well as impede Plaintiff's ability to walk the streets of New York and Kiryas Joel, safely and without fear of being physically attacked, kidnapped and/or murdered.

27. As a direct result of the defendants' intentional, malicious, hateful and discriminatory actions, as described hereinabove, Plaintiff has been caused to suffer both temporary and permanent extreme emotional pain and suffering.

28. All of the defendants intentional and malicious acts described herein against Plaintiff are continuous and currently on going.

29. Defendants employed state and local police in Kiryas Joel to assist Defendant Thorsen and protect him while he proclaimed the aforesaid slander against Plaintiff, leaving Plaintiff to understand he has no source of protection if physically attacked on the streets of same.

30. Defendant Eric Thorsen has violated the laws of New York State and the United States. He has knowingly participated together with a violent felon, and directly conspired with a foreign member of the underworld, hired to abduct and murder Plaintiff herein. Defendant Eric Thorsen did furthermore run an illicit fund raiser in the afternoon of May 19, 2016 in order to promote and advance the commission of the that kidnapping and murder. Defendant Eric Thorsen has overtly abused his license to practice law in the Courts of the State of New York and the United States, in a manner that warrants his permanent disbarment.

6

## FIRST CAUSE OF ACTION

31. Plaintiff realleges and repeats all of the aforesaid with the same force and effect.

32. That as a result of the herein defendants' actions violating the Plaintiff's civil rights as per 42 U.S.C. §1985(3), Plaintiff has been severely damaged.

33. Plaintiff seeks compensatory and punitive damages against the herein defendants, both jointly and severally, for violating Plaintiff's civil rights, in an amount of not less than twenty-million dollars to be determined by the Court.

## SECOND CAUSE OF ACTION

34. Plaintiff realleges and repeats all of the aforesaid with the same force and effect.

35. That as a result of the herein defendants' slander and slander per-se Plaintiff has been severely damaged.

36. Plaintiff seeks compensatory and punitive damages against the herein defendants, both jointly and severally, for their unjust slander and slander per-se of Plaintiff, in an amount of not less than twenty-million dollars to be determined by the Court.

## THIRD CAUSE OF ACTION

37. Plaintiff realleges and repeats all of the aforesaid with the same force and effect.

38. That as a result of the herein defendants libel and libel per-se directed at Plaintiff, same has been severally damaged emotionally.

39. Plaintiff seeks compensatory and punitive damages against the herein defendants, both jointly and severally, for their unjust libel and libel per-se of Plaintiff, in an amount of not less than twenty-million dollars to be determined by the Court.

## FOURTH CAUSE OF ACTION

40. Plaintiff realleges and repeats all of the aforesaid with the same force and effect.

41. That as a result of the herein defendants intentionally acting cruel and inhumane toward Plaintiff, by seeking to kidnap and/or kill him same has been severely damaged.

42. Plaintiff seeks compensatory and punitive damages against the herein defendants, both jointly and severally, for intentionally and directly causing the Plaintiff herein to suffer both temporary and permanent emotional stress disorder and trauma, in an amount of not less than twenty-million dollars to be determined by the Court.

## FIFTH CAUSE OF ACTION

43.  Plaintiff realleges and repeats all of the aforesaid with the same force and effect.

44.  That as a direct result of the defendants' intentional, malicious, and hateful and discriminatory actions, the Plaintiff has been caused to suffer both temporary and permanent extreme emotional pain, stress, and trauma; and seeks compensatory and punitive damages against the herein defendants, both jointly and severally, in an amount of not less than twenty-million dollars to be determined by the Court.

## SIXTH CAUSE OF ACTION

45.  Plaintiff realleges and repeats all of the aforesaid with the same force and effect.

46.  That as a direct result of the Defendant Eric Thorsen's intentional, malicious, and hateful and discriminatory actions, which includes his direct conspiring with members of the underworld to kidnap and murder Plaintiff, and where he shamefully used his position as a lawyer to gain false trust in order to publicly advance and promote the kidnapping and murder of Plaintiff herein, same seeks declaratory judgment from this Honorable Court recommending that the Appellate Division, Second Department issue an immediate order permanently disbarring Eric Thorsen.

WHEREFORE, Plaintiff prays that this Honorable Court will issue and order and judgment against defendants, jointly and severally, in favor of Plaintiff, finding the defendants guilty and responsible to pay compensatory and punitive damages to Plaintiff for the First, Second, Third, Fourth, and Fifth causes of action, and additionally grant in favor of Plaintiff the declaratory relief sought in the Sixth cause of action; and any other relief this Honorable Court deems as just and proper.

DATED: NEW YORK, NEW YORK
OCTOBER 26, 2017

_____
JOSEPH H. MASRI
Plaintiff Appearing Pro Se
Mailing Address:
127 Clymer Street
Brooklyn, NY 11249
(845) 537-9702

## SCHEDULE A

I, Benzion Friedman, being over the age of 18 years, and resident of Kiryas Joel, New York, do hereby affirm to the following:

I am fluent in the languages of English, Hebrew, and Yiddish, and am fully capable of translating properly from Hebrew and Yiddish to the English language. I have read a copy of the document annexed hereto, written primarily in Yiddish and containing some phrases in Hebrew, and which content is clearly aimed against Joseph H. Masri, the subject of the document.

I wish here to note that the said document contains many idioms. I have placed the clear inferences of those words or phrases immediately following in parentheses in order to properly bring out the intended meaning as best as possible.

Particularly, I point out and make reference here to the following content found therein at lines 8, 9, & 10, when counting from the top of the document. The following is a true thorough translation of those three lines:

ער דרייט זיך ארום דא מיט זיין שווארצע SUV און מאכט אומלעגאל קאר
סערויס טריפס וואס ברענגט ליידער צו אומגעוויינטשענס ה"י ואכמ"ל.
טיערע אידן צו וועלן מיר קענן זאגן בפה מלא ידינו
לא שפכו את הדם הזה?

"He drives around here with his black SUV and makes illegal car service trips, which leads unfortunately to forbidden acts (an inference to sexual perversion and/or molestation) Heaven have Mercy (on the riders he transports) And here is not the place to describe (those acts committed ) in detail (inferring that a written description of his sexual perversion would be found offensive within the community)   *Dear (respected) members of Judaism, will we be able to loudly proclaim that our hands did not spill this blood (murder this person)?

*Printed in bold with larger font size.

Dated: October 25, 2017

_____
BENZION FREIDMAN

Affirmed to before me this
25th day of October, 2017

_____

MARY N PILIERE
Notary Public - State of New York
NO. 01PI6017549
Qualified in Orange County
My Commission Expires Jan 22, 2019