# CATANIA, MAHON, MILLIGRAM & RIDER, PLLC
ATTORNEYS AND COUNSELLORS AT LAW

JOSEPH A. CATANIA, JR.
RICHARD M. MAHON, II (DC, AZ)
STEVEN I. MILLIGRAM (NJ)
MICHELLE F. RIDER, CPA (FL)
PAUL S. ERNENWEIN
JOSEPH G. MCKAY
MICHAEL E. CATANIA (NJ)
SEAMUS P. WEIR
ARI I. BAUER

RICHARD F. LIBERTH, *RETIRED*

HOBART J. SIMPSON (1975-2016)

(ALSO ADMITTED IN)

Writer's Direct No.
(845) 565-1100

ONE CORWIN COURT
POST OFFICE BOX 1479
NEWBURGH, NEW YORK 12550
TEL (845) 565-1100    FAX (845) 565-1999
TOLL FREE 1-800-344-5655

703 ROUTE 9, SUITE 5
FISHKILL, NEW YORK 12524
TEL (845) 231-1403    FAX (845) 565-1999
(MAIL AND FAX SERVICE NOT ACCEPTED)

E-MAIL: cmmr@cmmrlegal.com
(FAX AND E-MAIL SERVICE NOT ACCEPTED)

www.cmmrlegal.com

SPECIAL COUNSEL
ROBERT E. DINARDO
SHAY A. HUMPHREY
JEFFREY S. SCULLEY

MARK L. SCHUH
LIA E. FIERRO
ERIC D. OSSENTJUK (NJ)
MICHAEL R. FRASCARELLI (NJ)
JOHN W. FURST
EDWARD F. KEALY (NJ)
NICHOLAS C. LOZITO
GEORGE L. KIAMOS
CHELSEA A. FOUR-ROSENBAUM
JUSTIN F. STENERSON, III

(ALSO ADMITTED IN)

Writer's E-Mail
rmahon@cmmrlegal.com

**MEMO ENDORSED**

May 14, 2019

*Via CM/ECF*
Hon. Kenneth M. Karas
United States District Judge
300 Quarropas Street
White Plains, New York 10601

> RE:  *Joseph Masri v. Eric Ole Thorsen, et al.*
> Docket no. 7:17-cv-4094 (KMK)
> Our File No.: 14827-65362

Dear Judge Karas:

This office represents defendant Zion Saal (s/h/a Zion Sall) in the above-referenced matter. In accordance with the Rules of this Court, this letter is being submitted on behalf of Mr. Saal to request a pre-motion conference in which we will seek leave to move to dismiss the Amended Complaint of the *pro se* plaintiff, Joseph Masri, insofar as it is asserted against Mr. Saal for reasons including the following: A) the Amended Complaint fails to state a federal law claim against Mr. Saal (or any defendant); and B) the state-law claims asserted in the Amended Complaint are barred by the applicable one-year statute of limitations.

**Background:**

Plaintiff filed the original complaint on May 19, 2017, but it appears that process was never served. Mr. Saal was not named or alleged to be a party in that Complaint. Thereafter, the Plaintiff filed an Amended Complaint on October 27, 2017, naming Mr. Saal as a defendant and adding allegations with respect to him. Service was ordered by this Court on April 4, 2019, and a waiver request was issued to Mr. Saal via the U.S. Marshals Service by mail on April 11, 2019. Mr. Saal waived service, and in compliance with the Southern District's Standing Order, an

Case 7:17-cv-04094-KMK Document 16 Filed 05/23/19 Page 2 of 4

CATANIA, MAHON, MILLIGRAM & RIDER, PLLC

Hon Kenneth M. Karas
May 14, 2019
Page 2

answer or dispositive motion is due on June 10, 2019. In accordance with this Court's Rules, Mr. Saal respectfully requests that the time to answer or move be stayed until this Court sets a briefing schedule at the pre-motion conference.

**(A) Plaintiff has not and cannot allege a deprivation of equal protection of the laws.**

The Amended Complaint asserts six causes of action, which appear to be: (1) conspiracy to violate civil rights under 42 U.S.C. §1985(3); (2)-(3) defamation and defamation per se; (4)-(5) intentional infliction of emotional distress; and (6) declaratory judgment against defendant Thorsen (and not applicable to Mr. Saal).

Among other elements, a private conspiracy to deprive a person of equal protection of the laws must "be motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'" *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) (*quoting United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 828–29, 103 S.Ct. 3352, 3356, 77 L.Ed.2d 1049 (1983)).

Conspicuously absent from the Plaintiff's Amended Complaint is any mention of the true underlying subject-matter: that for over a decade leading up to the filing of this action, the Plaintiff had capriciously refused to give his ex-wife, co-defendant Esther Masri, permission to remarry (a "Get") pursuant to the strictures of the Orthodox Jewish community, of which both Plaintiff and Mrs. Masri are members[1] (as is Mr. Saal). His long-standing, extortionate refusal caused such anguish to Mrs. Masri and their children that the matter became a concern of their entire community.

---

[1] It took many years, but Mrs. Masri appears to have succeeded in hard-fought litigation in New York Family Court to obtain a civil divorce and custody of the couple's two children. *See Masri v. Masri*, No. 2017-06791, 2019 WL 1782101, at *1 (N.Y. App. Div. 2d Dep't Apr. 24, 2019). In one reported decision stemming from the matrimonial litigation, the New York Supreme Court described some of the background as follows:

> The parties are both Orthodox Jews. They married on August 7, 2002, separated in July 2007 and have lived separate and apart since that time. A prior Judgment of Divorce, granted to [Mrs. Masri] in New York County in 2009, was vacated on [Plaintiff's] application on February 2, 2011. A separation action commenced by [Mrs. Masri] in Orange County in November 2015 was thereafter discontinued, and [Mrs. Masri] commenced the present action for a divorce pursuant to Domestic Relations Law § 170(7) on March 8, 2016.
>
> Throughout this lengthy period of matrimonial litigation, [Mrs. Masri] has attempted without success to secure from [Plaintiff] a "Get", which she requires under Jewish law in order for her to remarry. Documentary evidence establishes that [Plaintiff] refused to participate in proceedings in 2012 before a Rabbinical Court, asserting that [Mrs. Masri] had waived her right to rabbinical arbitration by going to a secular court. The Rabbinical Court advised [Plaintiff] that he had no power to decide the issue of [Mrs. Masri's] alleged waiver on his own, and was required to arbitrate that issue before the Rabbinical Court. [Plaintiff] refused to comply, whereupon the Rabbinical Court declared him to be a "Rabbinical Court evader."

*Masri v. Masri*, 55 Misc. 3d 487, 488–89, 50 N.Y.S.3d 801, 802–03 (N.Y. Sup. Ct. Jan. 13, 2017).

**CATANIA, MAHON, MILLIGRAM & RIDER, PLLC**

Hon Kenneth M. Karas
May 14, 2019
Page 3

It is therefore notable that Plaintiff fails to describe the "religious beliefs" underlying his §1985(3) claim, or how those beliefs may differ from those of the defendants and give rise to a potential equal protection violation. Thus, even if the Court accepts the allegations of the Amended Complaint as true, the Plaintiff's bare, conclusory allegations of "vehement animus directed at Plaintiff over his ultra-orthodox religious beliefs and practices" (Amended Complaint at ¶7), "acting jointly, intentionally and maliciously with intensive animus and discrimination toward Plaintiff, due to . . . his religious beliefs" (*id.* at ¶24), and the defendants' "intensive hate toward Plaintiff over the practice of his religious beliefs" (*id.* at ¶26), do not and cannot plausibly assert a claim of deprivation of equal protection of the laws. The claim should therefore be dismissed.

**(B) Plaintiff's Intentional Tort Claims under N.Y. State Law Are Barred by the One-Year Statute of Limitations.**

Plaintiff's other claims against Mr. Saal sound in intentional tort; more specifically, defamation and intentional infliction of emotional distress. These claims are all barred by the applicable one-year statute of limitations.

A statute of limitations defense may be "raise[d] ... in a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Ceara v. Deacon*, 68 F. Supp. 3d 402, 406 (S.D.N.Y. 2014) (Karas, J.) (*quoting Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008)). New York applies a one-year statute of limitations for defamation claims, accruing on the date of first publication, including publication on a website. *Van Buskirk v The New York Times Co.*, 325 F.3d 87, 89 (2d Cir. 2003). A one-year statute of limitations also applies to intentional infliction of emotional distress claims. *Estreicher v. Oner*, 148 A.D.3d 867, 868, 49 N.Y.S.3d 530, 532 (N.Y. App. Div. 2d Dep't 2017).

Here, Plaintiff alleges that Mr. Saal assisted the other defendants "in raising funds for the kidnapping and murder of Plaintiff through use of his website" and "additionally assisted in the publication of the libel and libel per se content by allowing same to be posted on the said website" (¶17). Plaintiff alleges that this "direct fund-raising campaign" and publication of said allegedly defamatory content occurred "on or about May 11, 2016" (¶16). Assuming this to be true, the one-year statute of limitations expired as to these publications and related actions on May 10, 2017. However, Mr. Saal was not added as a party to this matter until Plaintiff filed his Amended Complaint on October 27, 2017, well after the one-year statute of limitations expired for both the defamation and intentional infliction of emotional distress claims, requiring their dismissal.

In the alternative, if Plaintiff's federal tort claim is dismissed, dismissal of these pendent state-law claims would be warranted pursuant to 28 U.S.C. §1367(c)(3).

It is therefore requested that the Court schedule a pre-motion conference at its earliest convenience to address the foregoing.

CATANIA, MAHON, MILLIGRAM & RIDER, PLLC

Hon Kenneth M. Karas
May 14, 2019
Page 4

Respectfully,

RICHARD M. MAHON, II

RMM/mrf/1655249

cc: Joseph H. Masri
*Plaintiff pro se*
127 Clymer Street
Brooklyn, NY 11249

Esther Masri
*Defendant Pro Se*
19 Rovni Court, Unit 304
Monroe, NY 10950

Zion Saal (via email)

Pursuant to IRS Regulations, any tax advice contained in this communication or attachments is not intended to be used and cannot be used for purposes of avoiding penalties imposed by the Internal Revenue Code or promoting, marketing or recommending to another person any tax related matter.

Defendant Saal's Motion to Dismiss is due 6/25/19. Plaintiff's response is due 7/25/19. Saal's Reply is due 8/16/19.

So Ordered.

5/22/19