

570 Taxter Road, 5th Floor, Elmsford, NY 10523
Tel: 914-920-4000  Fax: 914-347-3898
www.fkblaw.com

June 10, 2019

*VIA ECF*
Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

                Re:    Joseph H. Masri v. Eric Ole Thorsen et al
                     Docket No: 17-cv-4094 (KMK)(LMS)

Dear Judge Karas:

      The undersigned represents Defendants, Eric Ole Thorsen and Thorsen Law Offices (collectively, "Attorney Thorsen") in the above-referenced action. Attorney Thorsen was served with the Amended Complaint on June 6, 2019.

      Pursuant to Your Honor's Individual Practice Rules, Attorney Thorsen requests a pre-motion conference to request permission to move to dismiss the Amended Complaint of *pro se* plaintiff, Joseph Masri pursuant to Rule 12(b)(6). As set forth below, the Amended Complaint does not allege a federal law claim against Attorney Thorsen and Plaintiff's state law claims also fail to state any cognizable cause of action, as a matter of law.

      By way of background, Attorney Thorsen was retained to represent Plaintiff's wife, co-Defendant, Esther R. Masri, in her civil divorce from Plaintiff. Both Plaintiff and Attorney Thorsen's client, Esther Masri, share the same Ultra-Orthodox Jewish beliefs. This action appears to be an attempt by Plaintiff to harass Attorney Thorsen for having represented Esther Masri in a secular divorce proceeding in New York Supreme Court. Plaintiff previously refused to grant Esther Masri a religious divorce, commonly known as a "Get" and is disgruntled that she retained an attorney to obtain a civil/secular divorce.

      Plaintiff bases his claims against Attorney Thorsen on alleged oral statements Attorney Thorsen made on May 19, 2016, in the course of his representation of Mrs. Masri. The purported statements, which are quoted in Paragraph 14 of the Amended Complaint, consist of no more than expressions of Attorney Thorsen's opinion and his requests to community members, on behalf of Mrs. Masri, to aid her in obtaining a religious divorce from Plaintiff. Plaintiff's vague claims that Attorney Thorsen was somehow involved in a conspiracy to kidnap and murder Plaintiff are inappropriately conclusive and unsupported. Further, although Plaintiff also vaguely alleges that a Yiddish article was published on co-Defendant, Zion Sall's website, and leaflets called "pashkevilles" were created by Esther Masri to defame Plaintiff, Plaintiff's Amended Complaint does not allege that Attorney Thorsen had any involvement with either of these written publications.

The Amended Complaint alleges six causes of action against Attorney Thorsen for: (1) conspiracy to violate civil rights under 42 U.S.C. §1985(3); (2) slander and slander per se; (3) libel and libel per se; (4) intentional infliction of emotional distress (5) intentional infliction of emotional distress; and (6) a declaratory judgment from this Court recommending that the Appellate Division, Second Department, disbar Attorney Thorsen.

With respect to Plaintiff's one federal claim, allegedly made pursuant 42 U.S.C. §1985(3), Plaintiff does not allege any discriminatory intent by Attorney Thorsen, nor can any be discerned from the alleged statements made by Attorney Thorsen. Among other things, the Amended Complaint fails to allege how the purported conspiracy between Attorney and Esther Masri was motivated by "discriminatory animus" especially in light of the fact that Esther Masri shares the same religious beliefs as Plaintiff. Indeed, Plaintiff does not specify the religious beliefs that Attorney Thorsen and Esther Masri disproved of. The Amended Complaint also fails to allege any right covered by the Constitution or other laws that Attorney Thorsen intended to deprive Plaintiff of by making such comments.

The remainder of Plaintiff's claims are state law claims. Attorney Thorsen requests that this Honorable Court, in its discretion, retain jurisdiction over the state law claims and dismiss them with prejudice pursuant to Rule 12(b)(6) and Rule 9(g). The Court has discretion to retain jurisdiction over state law claims when doing so would serve "the values of judicial economy, convenience, fairness, and comity." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988).

Plaintiff's second cause of action for slander and slander *per se*, should be dismissed as Attorney Thorsen's alleged oral statement is merely a nonactionable statement of Attorney Thorsen's opinion. Attorney Thorsen's alleged statement repeatedly included remarks such as "I think" and "I would say," signaling to the listeners that he was merely expressing his opinion. The statements are also protected by the common interest qualified privilege and are also absolutely privileged as they were made about a pending litigation. Moreover, dismissal is also warranted since Plaintiff failed to plead with specificity special damages as required by Rule 9(g) or slander *per se.*

Plaintiff's third cause of action for libel and libel *per se* should be dismissed as the Amended Complaint fails to allege that Attorney Thorsen had any involvement with the alleged Yiddish language publication on Zion Sall's website or the leaflet/"pashkeville" allegedly published by Esther Masri. Moreover, dismissal is also warranted since Plaintiff failed to plead with specificity special damages as required by Rule 9(g) or libel *per se.*

Plaintiff's fourth and fifth causes of action, which assert claims for Intentional Infliction of Emotion Distress ("IIED") based on the alleged plot to kidnap and/or kill him and defendants' unspecified "discriminatory actions" also fail to state causes of action. Again, Plaintiff's vague claim that Attorney Thorsen was somehow involved in a plot to murder/kidnap Plaintiff is vague and unsubstantiated. Moreover, Plaintiff fails to allege any "extreme and outrageous" discriminatory action undertaken by Attorney Thorsen against Plaintiff. Certainly, Attorney Thorsen's mere expression of his opinion and representation of Plaintiff's wife in a civil divorce

proceeding does not constitute the type of "extreme and outrageous" conduct contemplated by a claim for IIED.

Plaintiff's sixth cause of action seeking a declaratory judgment from this Court "recommending that the Appellate Division, Second Department, issue an immediate order permanently disbarring Eric Thorsen" fails to allege any cognizable claim as a matter of law. A declaratory judgment is not an appropriate remedy for this type of relief and Plaintiff has not presented this Court any valid reason, whatsoever, to recommend disbarment of Attorney Thorsen.

Accordingly, for each of these reasons, Attorney Thorsen requests a pre-motion conference to obtain permission to file a Rule 12(b) Motion to Dismiss Plaintiff's Amended Complaint.

                      Respectfully submitted,
                              /s/
                      Andrew Kowlowitz
                      Shari Sckolnick

cc:    Joseph H. Masri
       *Pro Se Plaintiff*
       127 Clymer Street
       Brooklyn, NY 11249

       All parties via ECF