UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH H. MASRI,

                Plaintiff,

      v.

ERIC OLE THORSEN, *et al.*,

                Defendants.

No. 17-CV-4094 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

      On March 27, 2020, the Court granted Defendants' Motions To Dismiss. (Dkt. No. 53.) The Court dismissed Plaintiff's claims without prejudice and gave Plaintiff 30 days to file a second amended complaint addressing the deficiencies identified in the Opinion & Order. (*Id.*)

      Plaintiff did not file a second amended complaint within 30 days of the issuance of the Opinion and Order. Thus, on May 28, 2020, the Court issued an Order directing Plaintiff to show cause, by no later than July 13, 2020, as to why this case should not be dismissed for failure to prosecute. (Order To Show Cause (Dkt. No. 56).) The Court instructed counsel for Defendants to mail a copy of the Order to Plaintiff and to certify on the docket that they did so. (*Id.*) On May 29, 2020, counsel for Defendants Eric Ole Thorsen and Thorsen Law Offices (the "Thorsen Defendants") filed a Certificate of Service confirming that the Order To Show Cause was mailed to Plaintiff, (Dkt. No. 57), and on June 3, 2020, counsel for Defendants Zion Saal ("Saal") and Esther R. Masri ("Masri") did the same, (Dkt. No. 58). To date, Plaintiff has not responded to the Order to Show Cause or otherwise communicated with the Court, and on July 14, 2020, the Thorsen Defendants requested that the Court issue an Order of Dismissal given Plaintiff's failure to respond. (Dkt. No. 60.) Accordingly, the Court dismisses this Action for failure to prosecute.

This Court has the authority to dismiss a case for failure to prosecute. See Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute *sua sponte*. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). However, it has also stated that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

2

The Court concludes that these factors weigh in favor of dismissal of this Action.  In addition to failing to respond to the Court's most recent Opinion & Order and Order To Show Cause, Plaintiff has repeatedly failed to meet Court-imposed deadlines.  After Defendants filed their Motions To Dismiss on July 19, 2019 and July 25, 2019 (the "Motions"), (Dkt. Nos. 29, 35), Plaintiff sought additional time on August 26, 2019 to file a second amended complaint that would address deficiencies raised in the Motions, (Dkt. No. 36).  The Court granted this request, giving Plaintiff until October 5, 2019 to do so, and stating that "[n]o extensions w[ould] be granted."  (Dkt. No. 39.)  On September 5, 2019, Plaintiff requested more time to file a second amended complaint, (Dkt. No. 41), and the Court gave Plaintiff until October 18, 2019, again informing him that "[n]o extensions w[ould] be granted," (Dkt. No. 42).  Plaintiff did not file a second amended complaint by this deadline, instead asking the Court for an additional 60-day extension on October 20, 2019 due to the fact that he was "currently in the middle of the Jewish holiday season."  (Dkt. No. 43.)  The Court denied Plaintiff's request, noting that "[t]he Jewish holidays do not take up 60 days on the calendar," and ordered Plaintiff to file a second amended complaint by November 15, 2019.  (Dkt. No. 45.)  On November 20, 2019, when Plaintiff failed to file a second amended complaint, the Court deemed Defendants' Motions fully submitted.  (Dkt. No. 48.)  However, when Plaintiff filed yet another letter seeking an extension on December 2, 2019, the Court instructed Plaintiff that he must file a second amended complaint by December 9, 2019.  (Dkt. Nos. 49–50.)  Plaintiff again failed to do so, and the Court again deemed the Motions fully submitted on January 6, 2020.  (Dkt. No. 52.)  Plaintiff has not corresponded with the Court since his letter of December 2, 2019.  (*See generally* Dkt.)  Further, the Court's Opinion & Order instructed Plaintiff that his failure to abide by the deadline to file a second amended complaint could result in dismissal, (Dkt. No. 53), and its Order To Show

3

Cause indicated that Plaintiff's failure to show cause would result in the Court dismissing the case without further notice, (*see* Order to Show Cause).

Accordingly, Plaintiff's case is dismissed without prejudice for failure to prosecute. *See, e.g.*, *Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case"); *Capogrosso v. Troyetsky*, No. 14-CV-381, 2015 WL 4393330, at *5 (S.D.N.Y. July 17, 2015) (finding the fact that the plaintiff "has not responded to efforts to contact her" weighs in favor of dismissal for failure to prosecute); *Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Smalls v. Bank of N.Y.*, Nos. 05-CV-8474, 07-CV-8546, 2008 WL 1883998, at *4 (S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where the court received no communication from the plaintiffs for nearly two months); *Robinson v. United States*, No. 03-CV-1001, 2005 WL 2234051, at *2 (S.D.N.Y. Sept. 8, 2005) ("Only the Plaintiff can be responsible for notifying the court and the Defendant of his updated address, and Plaintiff's failure to do so has made it impossible to provide him any notice.").

5

      Counsel for Defendants are directed to mail a copy of this Order to Plaintiff at the address listed on the docket by August 5, 2020, and to certify that they did so via ECF.

      The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: July 30, 2020
       White Plains, New York

                                                 KENNETH M. KARAS
                                        United States District Judge